IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STEPHEN HAHN<br>    *Plaintiff,* | §<br>§<br>§ | CIVIL ACTION NO. _____ |
| v. | §<br>§ | |
| UNITED FIRE AND CASUALTY<br>COMPANY AND BETTINA BOWLING<br>    *Defendants.* | §<br>§<br>§<br>§ | |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, United Fire and Casualty Company, hereby provides this brief in support of its notice of removal.

### I.   SUMMARY OF THE ARGUMENT

1. Plaintiff fraudulently joined Defendant Bettina Bowling ("Bowling" herein) for the purposes of destroying diversity of citizenship and maintaining a state-court action against the Defendants. Because Plaintiff's joinder of Bowling is improper, her citizenship should be disregarded by the Court in making its diversity jurisdiction determination

2. This case involves insurance claims and a dispute over the extent of covered damages caused by an April 4, 2014 storm damage loss. As addressed in United Fire's Notice of Removal, Plaintiff articulated only non-specific and conclusory allegations against Defendant Bowling, coupled with verbatim quotations from Insurance Code and DTPA boilerplate. Plaintiff's joinder of Defendant Bowling amounts to an improper attempt to destroy diversity in the action and maintain suit in state court. Plaintiff's Original Petition provides no facts that would lead to the conclusion that Defendant Bowling is individually liable. Plaintiff does not

# EXHIBIT I

differentiate Defendant Bowling's conduct in investigating and estimating the claim from the conduct of Defendant United Fire, which bears the non-delegable duty of investigation, estimation, decision and payment. Plaintiff failed to articulate even a type of conduct that might support individual liability or distinguish Defendant Bowling from Defendant United Fire.

3. Because Plaintiff cannot differentiate the conduct of Defendant Bowling from the conduct of Defendant United Fire, this Court should find that Plaintiff improperly joined Defendant Bowling for the sole purpose of defeating diversity and exercise jurisdiction over this removed action.

## II.   FACTUAL BACKGROUND

4. This is a dispute over the extent of covered damages caused by an April 4, 2014 storm damage loss.

5. After United Fire acknowledged Plaintiff's claim, it assigned its claim representative, Defendant Bowling, to investigate the loss on behalf of Defendant United Fire.

6. On or about March 27, 2015, Plaintiff filed suit in state court, alleging that Defendant Bowling and Defendant United Fire breached the contract, violated the Texas Deceptive Trade Practices Act, violated the Texas Insurance Code, breached the common law duty of good faith and fair dealing, breached its fiduciary duty, engaged in unfair insurance practices and made misrepresentations. *See* Exhibit IV, Pl.'s Original Pet. pgs. 5–16. Plaintiff named Bowling as a defendant, but as of the date of the removal, has not served her with citation or process. Exhibit VII.

7. Defendant removed to this Court on the basis of diversity of citizenship. It is undisputed that United Fire is not a Texas resident and that the amount in controversy exceeds $75,000. Although Defendant Bowling is a Texas resident, Plaintiff failed to allege sufficient specific

facts in his Petition against Defendant Bowling that would support individual liability against it. Therefore, Defendant Bowling was improperly joined and her Texas citizenship cannot be considered for purposes of diversity jurisdiction.

### III.   ARGUMENT AND AUTHORITES

8.   Federal law forbids defeating removal jurisdiction by improper joinder of a non-diverse defendant. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The citizenship of the improperly joined defendant is disregarded when determining the court's subject matter jurisdiction. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005). A defendant is improperly joined when there is no reasonable basis for predicting that state law might impose liability on the resident defendant based on the facts of the case. *See Hornbuckle v. State Farm Lloyd*, 385 F.3d 538, 542 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

9.   "Whether the plaintiff has stated a valid state law cause of action [against the individual defendant] depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* The Fifth Circuit holds that "in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, the plaintiff must demonstrate that the employee, *as an individual*, committed the violation that caused the harm." *Ford v. Prop & Cas. Ins. Co. of Hartford*, 2009 U.S.Dist. LEXIS 114750, 1–2 (S.D. Tex. Dec. 9, 2009)(*citing Hornbuckle,* 385 F.3d at 542) (emphasis added). "A controlling state court petition that successfully alleges a recognized cause of action but fails to also allege facts giving notice of how the defendant's conduct gives rise to the asserted liability lacks the required specificity." *First Baptist Church of Mauriceville v. GuideOne Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 75961

(E.D. Tex. Sept. 29, 2008).

10. Although the standard for evaluating improper joinder is similar to that applied to motions to dismiss for failure to state a claim under Rule 12(b)(6), the scope of the inquiry for improper joinder is broader because the court may "pierce the pleadings" and consider summary judgment type evidence to determine whether the plaintiff has a basis in fact for the claim against the non-diverse defendant. *Campbell v. Stone Insurance Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Such a "summary inquiry" is appropriate "to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the in-state defendant." *Smallwood* at 574. The Fifth Circuit in *Smallwood* emphasized that in a pierce-the-pleadings approach, the court may consider facts "that easily can be disproved if not true" such as whether an in-state doctor treated the plaintiff patient, whether the in-state pharmacist filled a prescription for plaintiff, that the actual residence of a party was not as pled, etc. *Id.* at 574, n.12. Thus, in support of a removal petition, a defendant may submit and the court may consider affidavits and deposition transcripts. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

      A. **RECENT TEXAS DECISIONS FIND IMPROPER JOINDER OF ADJUSTERS IN PROPERTY CASES**

11. Texas federal courts have recently applied these principles to reject remand of cases similar to this one based on the improper joinder of individual adjusters. Judge Sim Lake recently held that Liberty Mutual met its burden of proving improper joinder of an adjuster in a Hurricane Ike suit. *See Finkelman v. Liberty Mut. Fire Ins. Co.*, 2010 U.S.Dist LEXIS 56813 (S.D. Tex. Feb. 4, 2010); and *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. Jan. 20, 2011). In *Finkelman*, Judge Lake "pierced the pleadings" and held the plaintiff failed to state a claim against the non-diverse, individual adjuster. Recognizing that, theoretically, an individual adjuster may be held liable under the

Insurance Code and DTPA, Judge Lake nevertheless held that the adjuster was improperly joined because the petition failed to "allege facts illustrating what actions are attributable to [the adjuster] individually." *Finkelman* at *4.

12.     In reaching his conclusion regarding the inadequacy of the Insurance Code allegations, Judge Lake followed numerous similar decisions in the Fifth Circuit that have held that "formulaic recitations" of Insurance Code boilerplate "that are not accompanied by specific allegations concerning actions of the individual defendant are not sufficient to create a reasonable basis to predict the plaintiff will be able to recover against the individual." *Id.* (*citing Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 U.S. Dist. LEXIS 99854 at *3 (S.D.Tex.)(denying motion to remand because petition contained near verbatim recitation of Insurance Code provisions without allegations of specific wrongful acts attributable to the individual adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund insurance Co.*, 2009 U.S.Dist. LEXIS 43420 at 3–4 (N.D. Tex.)(finding improper joinder where allegations were merely "legal conclusions couched as factual allegations" and stating plaintiff alleged no facts showing the adjuster "performed any act that could be construed as the violation of [the Insurance Code].); *GuideOne*, 2009 U.S.Dist LEXIS 127436 at *4 (denying motion to remand because petition must specifically allege "a colorable claim against an adjuster-defendant…coupled with facts indicating that the adjuster's individual role in the alleged events."); *Frisby v. Lumbermen's Mutual Casualty Co.*, 2007 U.S. Dist. LEXIS 60654, at *4 (S.D. Tex.)(holding a complaint alleging violations of the Insurance Code "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster].").  *See also Broadway v. Brewer*, 2009 U.S.Dist LEXIS 43358 (E.D. Tex.)(denying motion to remand because petition merely alleged that the defendants made misrepresentations in violation of the DTPA and the

Texas Insurance Code without identifying "a single statement or specific misrepresentation made by [the adjuster]").

13.     In addition to the Insurance Code allegations, the plaintiff in *Finkelman* sought remand based on a general allegation that the adjuster wrongfully denied and/or underpaid portions of the claim, which stated as follows:

> 4.6     Liberty and Ms. Dinkins wrongfully denied Ms. Finkelman's claim for property repairs.  Furthermore, Liberty and Ms. Dinkins underpaid some of Ms. Finkelman's claims by not providing full coverage under the Policy as well as underestimating damages during the investigation.  Defendants have chose to continue to deny timely payment of the damages to the home.

Judge Lake held these allegations "failed to state specifically what actions Dinkins took that caused harm to Finkelman." *Finkelman,* 2010 U.S.Dist LEXIS 56813 at *4.  Judge Lake pointed out that in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, a plaintiff must demonstrate the employee, as an individual, committed the violation that caused the harm.  *Id.* (*citing Hornbuckle,* 385 F. 3d at 544).

14.     In *Centro Cristiano Cosecha Final, Inc.*, Judge Melinda Harmon also "pierced the pleadings" and found that based on the adjuster's affidavit, which stated that his "work 'was limited to inspecting the insured property and providing the carrier with a repair estimate,' demonstrates that his work did satisfy the statutory and case law definitions of an adjuster, but it does not, apart from the conclusory allegations that his estimate was 'undervalued,' allege he did anything to make a case against him. No specific misrepresentation by [the adjuster] to [the plaintiff] is pleaded…Plaintiff's conclusory claim against [the adjuster], individually, for insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a) or the DTPA, Business & Commerce Code §§ 17.41 *et seq.*"

2011 U.S. Dist. LEXIS 6541.

15. The allegations in this case against Defendant Bowling are no more specific than those made against the adjusters in *Finkelman* and *Centro Cristiano Cosecha Final, Inc.* In *Finkelman*, Judge Lake "pierced the pleadings" and considered affidavit testimony that showed that the adjuster "was not the adjuster who handled Finkelman's claim during the time in which the alleged violations of the Insurance Code occurred." *Finkelman,* 2010 U.S.Dist LEXIS 56813 at *4. Because of Dinkins' limited involvement with the claim, Judge Lake held that there was "no reasonable basis to predict Finkelman can prove any claim against Dinkins under the Insurance Code." *Id.* The Court therefore denied the motion to remand. Likewise, in *Centro Cristiano Cosecha Final, Inc.*, Judge Harmon "pierced the pleadings" and considered the adjuster's affidavit that proved nothing the adjuster did could rise to the level of a viable claim. *Centro Cristiano Cosecha Final, Inc.*, 2011 U.S. Dist. LEXIS 6541.

16. Moreover, the Southern District found "improper joinder" of a worker's compensation insurance adjuster where the plaintiff failed to "differentiate" between the conduct of the carrier and its adjuster. *See Jimenez v. Travelers Indemn. Co.*, 2010 U.S. Dist. LEXIS 28615 at *2–3 (S.D. Tex.). Judge Harmon again held that the petition in *Jimenez*, among other things, "does not identify any facts showing how and when [the adjuster] violated the law" and failed to "differentiate between the conduct of the two defendants." *Id.* Responding to the plaintiff's argument under *Garrison Contractors*, the Southern District held the petition contained no allegations that the accused adjuster sold the policy or explained policy terms or premium calculations to the plaintiffs as prospective insurance buyers and that the petition contained no allegation that the adjuster was a sales against or sales adjuster on the claim. *Id.* at *5. Each of the pleading deficiencies pointed out in these recent cases are also found in the Original Petition

in this case.

### B. PLAINTIFF'S PETITION FAILS TO DISTINGUISH DEFENDANT BOWLING'S CONDUCT FROM UNITED FIRE'S CONDUCT AND FAILS TO SPECIFY ANY CONDUCT BY DEFENDANT BOWLING THAT INJURED PLAINTIFF

17. In accusing Defendant Bowling of wrongdoing, the Original Petition in this case (like the petitions in *Jimenez*, *Finkelman* and *Centro Cristiano Cosecha Final, Inc.*) does no more than track Insurance Code and DTPA boilerplate, couching legal conclusions as factual allegations. The Petition itself shows there is no reasonable basis for this Court to predict that Plaintiff may recover against Defendant Bowling.

#### 1. Failure to Differentiate

18. Plaintiff's Petition does not show what Defendant Bowling did that was wrongful separate and apart from Defendant United Fire. The Petition contains conclusory allegations that Bowling did not perform a complete investigation of the claim, yet immediately states afterwards that Bowling engaged the services of an engineer for the purpose of investigating the claim. None of these allegations give rise to individual liability on the part of Defendant Bowling. The allegations of wrongful conduct against Defendant Bowling are indistinguishable from Defendant United Fire's allegedly wrongful conduct.

#### 2. Failure to Specify Wrongful Individual Conduct

19. This Court should note that United Fire is not arguing that Plaintiff is required to allege specific evidentiary facts prior to conducting discovery. However, if Plaintiff has a claim against Defendant Bowling, individually, he should be able to articulate, at the very least, a type of conduct that could support negligence, an Insurance Code, DTPA, or bad faith claim against her. The Petition in this case fails to do even that.

20. There are no specific facts alleged in Plaintiff's conclusory assertions showing "how

[Defendant Bowling's] conduct gives rise to" her liability as an individual, as required by Texas law. *See First Baptist Church of Mauriceville v. GuideOne*, 2008 WL 4533729, at *4 (E.D. Tex. 2008) (Petition that fails to "allege facts giving notice of how the defendant's conduct gives rise to the asserted liability lacks the required specificity"). Plaintiff's Petition contains nothing other than "legal conclusions couched as factual allegations." *See Weldon Contractors, Ltd. v. Firemen's Fund Insurance Co.*, 2009 WL 1437837 at *3–4 (N.D. Tex. 2009)(finding improper joinder where allegations were merely "legal conclusions couched as factual allegations.").

21. As in *Finkelman*, the Plaintiff's Petition in this case does not "demonstrate that the employee, as an individual, committed the violation that caused the harm." *Id.* (citing *Hornbuckle*, 385 F.3d at 544).

22. Additionally, the Plaintiff's Original Petition fails to "allege facts illustrating what actions are attributable to [the adjuster] individually." *Id.* at 15. Plaintiff merely concludes that Defendant Bowler failed to perform an adequate inspection without providing sufficient facts to support such a conclusion. Just as in *Jimenez* and the *Frisby* decision, the Petition in this case does not "identify facts showing how and when [the adjuster] violated the law and fails to "differentiate between the conduct of the two defendants." *Jimenez v. Travelers Indemn. Co,*, 2010 WL 1257802, slip op. at *5–6 (S.D. Tex. March 25, 2010); *Frisby v. Lumberman's Mutual Casualty Co.*, 2007 WL 2300331, at 4 (S.D.Tex. 2007)(holding a complaint alleging violations of the Insurance Code "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]"); *see also Bailey v. State Farm Lloyds*, 2001 WL 34106907, at *4–6 (S.D. Tex. 2001)(finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near verbatim recitations" of the Insurance Code that did not state claims against the adjusters personally because there were no

facts alleging what acts were attributable to the adjusters as opposed to the insurance company).

23. In the Southern District decision of *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, 2009 WL 3602043 (S.D. Tex. 2009), the court held that general allegations that the defendants did the following are not specific enough to avoid wrongful joinder: (1) underestimated damages; (2) liability was reasonably clear; (3) did not implement reasonable investigative standards; (4) refused to pay without conducting a reasonable investigation; (5) misrepresented policy coverage; (6) failed to acknowledge receipt of the claim; (7) failed to request additional materials; (8) failed to accept or reject the claim within 15 days of receipt of all necessary items; or (9) delayed prompt payment. *Id.* at *1. The court reasoned that there must be a "reasonable possibility of recovery, not merely a 'theoretical one' against the non diverse defendant." *Id.* (emphasis in original). Since the plaintiff failed to assert fact-specific allegations against the adjuster, the court deemed plaintiff's claims merely theoretical and joinder improper as a result. *Id.* at *3.

24. United Fire does not, of course, dispute that an adjuster can be held individually liable under the Insurance Code or that Plaintiff has alleged recognizable causes of action under the Insurance Code. However, Plaintiff failed to allege conduct by Defendant Bowling that "factually fits" these legal theories. There is no specified allegation of any factual misrepresentation by Defendant Bowling or of any unreasonable conduct in connection with any inspections or estimates. Instead, Plaintiff only offers conclusory allegations of "faulty investigation." (P.'s Pet. at 3). Plaintiff does not allege that Defendant Bowling was the adjuster who made coverage decisions in connection with the claim.

25. Plaintiff's allegations provide this Court with no reasonable basis to find that Defendant Bowling is liable. Even if Plaintiff proves an allegation against Defendant Bowling, Plaintiff

cannot possibly recover against her *as an individual* under Texas law.  No Texas court has ever actually held an adjuster personally liable on the conclusory grounds such as those stated in the Petition.

26.    Moreover, the type of wrongful conduct for which Texas courts have held individual adjusters liable has not been alleged in this case.  Thus, in *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, the Texas Supreme Court held an insurance agent individually liable for **affirmative, pre-loss** misrepresentations regarding retrospective premium provisions of a commercial multi-lines insurance policy.  966 S.W.2d 482, 483–84 (Tex. 1998).  The Texas Supreme Court specifically emphasized that the agent in that case had "personally carried out the transaction that forms the core of [the insured's] complaint," and that the agent had testified that his job responsibilities included soliciting sales and explaining policy terms and retrospective premium terms to prospective buyers.  *Id.* at 486.

27.    This case does not contain any allegations even remotely similar to those.  As the Southern District emphasized in *Jimenez*, the Petition here contains no allegation that the accused adjuster sold the policy, was a sales agent or sales adjuster on the claim, or explained policy terms or premium calculations to the plaintiff as a prospective buyer. *Jimenez*, 2010 WL 1257802, slip op. at *5.  The allegations in the Petition are facially insufficient as a mater of law.

28.    Thus, the Petition demonstrates, on its face, that Defendant Bowling was improperly joined in this action.  Moreover, it is undisputed in this case that Defendant Bowling did not "personally carry out" the transaction that forms "the core of the insured's complaint" in this case. Defendant Bowling merely inspected and evaluated the claim as a claim representative; she did not make final coverage decisions or make the final evaluations that resulted in the final decision on the claim by United Fire.

## IV.   CONCLUSION AND PRAYER

Without a specific allegation of actionable conduct, there is no "factual fit" between Plaintiff's allegations and the pleaded theory of recover against Defendant Bowling.  *See First Baptist Church of Mauriceville v. Guide One*, 2008 WL 4533729 at *6 (E.D. Tex Sept. 29, 2008).  As in *First Baptist*, in this case, "[u]ltimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [Defendant Bowling] violated the Insurance Code."  *Id.*  The Court may not presume that the Plaintiff could offer additional evidence. *Id.* at *4.  Accordingly, this Court should find that Defendant Bowling was improperly joined and her citizenship cannot be relied upon to defeat this Court's diversity jurisdiction.

Respectfully submitted,

GAUNTT, EARL & BINNEY, L.L.P.

By: _____
      J. Chad Gauntt
      State Bar No. 07765990
      Federal Bar No. 14135
      Attorney in Charge
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone:     281-367-6555
Facsimile:       281-367-3705
Email: chad.gauntt@geblawyers.com
Counsel for Defendant,
United Fire and Casualty Company

**CERTIFICATE OF SERVICE**

  Pursuant to the Federal Rules of Civil Procedure, a copy of this document was served on Plaintiff's counsel on July 1, 2015.

Clare L. Pace (SBN: 24079097)
Gerald T. Drought (SBN: 06134800)
Martin & Drought, PC
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX  78205
Telephone:	210-227-7591
Facsimile:	210-227-7924
Email:		cpace@mdtlaw.com
*Counsel for Plaintiff, Stephen Hahn*

_____
J. Chad Gauntt